Nicholson, C. J.,
delivered the opinion of the Court.
The County Clerk of Hamilton county issued a dis *542 tress warrant against Blackford, Guthrie & Co., for exercising the privilege of real estate brokers at Chattanooga, without having taken out license and paid tax assessed on the privilege. Upon the issuance of the warrant and its levy on property, Blackford, Guthrie & Co., obtained writs of certiorari and supersedeas and carried the cause to the Circuit Court. They allege in their petition, that they had not acted as real estate brokers, and therefore, were not subject to the tax assessed.
The cause was tried by the jury who found, under the charge of the court, on the evidence, that the defendants were real estate brokers, and judgment was rendered against them. From this judgment they have appealed.
The error assigned for reversal is, that the court’s charge to the jury was not correct. The court charged as follows:
“That if the defendants associated themselves together as a firm to do business as real estate brokers, had their cards as such published to the world, in the newspapers and otherwise, procured an office, prepared themselves with blanks and forms of deeds, and stationery, etc., and solicited business as such real estate brokers, the same would constitute them real estate brokers, and they would be liable in this proceeding whether they did any business or not.”
By sec. 550 of the Code, the business of a broker of real estate, carried on as a regular avocation, is declared to be a privilege and liable to taxation, and not to be carried on without a license. By sec. 553, *543 sub-see. 7, brokers of real estate, including all contracts for rents, carried on as regular business, shall pay privilege tax, etc.” By see. 702, “licenses for exercising all the other privileges specified in sec. 550, shall be issued on the applicants paying to the clerk the specified tax laid thereon,” etc., and by sec. 704, “if any person presume to exercise any privilege without obtaining the license prescribed, the clerk shall issue, etc. The obvious meaning of these several provisions is, that before any person shall- enter upon the avocation or business of real estate broker, he shall first apply -to the County Court Clerk and obtain a license to follow such business or occupation, and if he presume to enter upon such occupation or business, without having obtained the license, the clerk is authorized to issue a distress warrant. It is not intended .by these provisions, that the applicant is to obtain his license before he makes his preliminary arrangements for carrying on the business — such as preparing the cards, procuring blanks and stationery, and renting an office, but if after these preparatory steps have been taken, he then advertises and distributes his cards and solicits business, and does those things by which he announces that he is engaged in the real estate business, without having obtained a license, then he is presuming to exercise the privilege of a real estate broker, and is liable to the penalty of the law.
Such we understand to have been the instructions of the court to the jury, and upon these instructions, they found against the defendants. It was not meant by the law, that parties might hold themselves out *544 for months as real estate brokers, without having license, and at the end of that time, abandon the business and avoid the tax, merely because the experiment had proved unsuccessful.
We are of opinion that the charge is free from exception, and we affirm the judgment.